Stein, J. (dissenting).
We respectfully dissent. In our view, there is a fair interpretation of the evidence that supports the conclusion that defendant was not the initial aggressor and, therefore, the jury’s verdict should not be disturbed.
It is well settled that the discretionary power to set aside a jury verdict must be exercised with great caution, as “a successful litigant is entitled to the benefits of a favorable jury verdict” (Nicastro v Park, 113 AD2d 129, 133 [1985]; see Olmsted v Pizza Hut of Am., Inc., 81 AD3d 1223, 1224 [2011]). Appellate review of a trial court’s exercise of discretion as to whether to set aside *831 a jury verdict must take into account the fact that the court has “heard and seen the witnesses testify . . . [and] has had the opportunity to observe courtroom events that might have [properly] influenced the jury’s evaluation of the evidence” (Nicastro v Park, 113 AD2d at 136-137). Based upon our review of the record here, we agree with Supreme Court’s determination that there is a fair interpretation of the evidence to support the jury’s verdict.
The evidence at trial included defendant’s testimony that, after receiving two telephone calls from plaintiff in which plaintiff threatened to “f[. . . defendant] up,” defendant drove to plaintiffs home because he wanted to speak with plaintiff to “end the situation.” Defendant testified that, as he approached the porch, plaintiff was repeatedly pounding the maul handle he had retrieved from inside his home “very hard” on the floor of the porch. When defendant reached the porch, plaintiff “cock[ed] his arm” by lifting the handle over his head and then, “[o]ut of the blue, [plaintiff] swung.” Defendant further testified that, at the moment he saw plaintiff raise his arm up to swing, he believed that he was in “jeopardy,” “covered up” and swung the bat at plaintiff “as hard as [he] could.” We are of the view that, notwithstanding some conflicting testimony, when we accord due deference to the jury’s credibility determinations, this constitutes viable evidence to support its conclusion that, at the moment that plaintiff raised his arm, defendant actually believed that plaintiff was about to cause him serious physical injury and that a reasonable person in defendant’s circumstances could have so believed (see People v Fisher, 89 AD3d 1135, 1137 [2011], lv denied 18 NY3d 883 [2012]).
Moreover, as the majority notes, Supreme Court instructed the jury, without objection, that “[flnitial aggressor means the person who first attacks or threatens to attack, that is, the first person who uses or threatens the immediate use of. . . physical force” [emphasis added]. In our view, the fact that defendant went to plaintiffs home, approached the porch holding a bat and invited plaintiff to fist fight with him does not require a finding that defendant was the initial aggressor. The jury was entitled to consider, as it apparently did, that defendant — in an effort to verbally resolve a problem with plaintiff — went to plaintiffs home in response to repeated belligerent phone calls from plaintiff, that plaintiff retrieved the maul handle from inside the house when defendant had no weapon in hand and that plaintiff was the first to actually attempt to use force im *832 mediately preceding defendant’s use thereof.* While the majority’s view of the evidence is not unreasonable, the jury was well within its province to interpret the evidence as it did and we would, therefore, affirm Supreme Court’s order and judgment.
Egan Jr., J., concurs. Ordered that the order and judgment are reversed, on the law, motion to set aside the verdict granted, and matter remitted to the Supreme Court for a new trial, with costs to abide the event.

 In addition, while Supreme Court did, indeed, instruct the jury that verbal threats could not be considered in determining who was the initial aggressor, contrary to the holding in People v Petty (7 NY3d 277, 285 [2006]), it is unclear from the record whether the instruction was limited to verbal threats made at the time of the parties’ encounter or whether it also encompassed prior threats made by plaintiff.